1  BILL LOCKYER
    Attorney General of the State of California
2  RICHARD M. FRANK
    Chief Deputy Attorney General
3  THOMAS GREENE
    Chief Assistant Attorney General
4  KATHLEEN E. FOOTE
    Senior Assistant Attorney General
5  BARBARA M. MOTZ, State Bar No. 66933
    Supervising Deputy Attorney General
6  PATRICIA L. NAGLER, State Bar No. 101150
    Deputy Attorney General
7  300 S. Spring Street, Suite 1700
   Los Angeles, California 90013
8  E-mail: Penny.Nagler@doj.ca.gov
   Telephone: (213) 620-6411
9  Facsimile: (213) 620-6005

10  Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

STATE OF CALIFORNIA,

Plaintiff,

v.

DAVITA, INC., a Delaware Corporation,

Defendants.

CASE NO. CV05-7190 RSWL

JOINT APPLICATION TO AMEND FINAL JUDGMENT AND CONSENT DECREE; PROPOSED ORDER

Plaintiff and defendants jointly apply to this Court for an Order amending a provision in the Final Judgment and Consent Decree previously filed with the court on October 5, 2005.

Paragraph IV.A.5. ("120 Day Provision") of the FINAL JUDGMENT AND CONSENT DECREE states that "[n]o later than one hundred twenty (120) days after the date the Consent Decree is signed, Respondent shall divest absolutely, in good faith, and in a manner that receives the prior approval of the Attorney

WDC99 1236730-1.039323 0122

1   General, the Owned Real Property to an Acquirer... that receive[s] the prior
2   approval of the Attorney General."
3         In January of 2006, prior to the expiration of the 120 Day Provision, DaVita
4   reached an agreement with an Acquirer for the Owned Real Property. The terms of
5   the 120 Day Provision require DaVita to receive approval from the Attorney
6   General of the State of California ("Attorney General") before finalizing the
7   divestiture of the Owned Real Property. Because there was not enough time for the
8   Attorney General to approve the sale of the Owned Real Property to the Acquirer
9   before the expiration of the 120 Day Provision on February 3, 2006, DaVita
10  requested an extension of time to allow the Attorney General enough time to
11  investigate and approve the proposed Acquirer. On February 1, 2006, prior to the
12  expiration of the 120 Day Provision, DaVita sent to the Attorney General
13  "RESPONDENT'S MOTION FOR EXTENSION OF TIME," which was filed
14  earlier the same day with the Federal Trade Commission ("FTC"). The FTC has
15  concurrent oversight of the divestiture of the Owned Real Property and has been
16  working in conjunction with the Attorney General throughout the resolution of this
17  matter. DaVita forwarded to the Attorney General all additional documents that it
18  filed with the FTC in conjunction with this matter. At all times during this process
19  DaVita responded promptly to information requests from the Attorney General and
20  has satisfied all information requests from the Attorney General to date.
21        In "RESPONDENT'S MOTION FOR EXTENSION OF TIME," DaVita
22  outlined that it has fully complied with all other provisions of the orders filed with
23  the FTC and the Attorney General, that the FTC and the Attorney General
24  previously approved the lease of the Owned Real Property, that DaVita provided
25  the Federal Trade Commission and the Attorney General contact information for
26  the potential Acquirer on December 21, 2005, that DaVita provided the FTC and
27  the Attorney General monthly compliance reports updating the sale process of the
28  Owned Real Property, and that the divestiture of the Owned Real Property related

1  solely to the sale of the physical building and real property and not a dialysis
2  business.
3      DaVita further explained that the search for Acquirers of the Owned Real
4  Property was ongoing for many months, involved numerous potential Acquirers,
5  and that the process was severely slowed by the withdrawal of many Acquirers
6  from the negotiating process because of building conditions, pricing, or
7  unsatisfactory lease terms.  DaVita stated that negotiations with the remaining
8  potential Acquirers was slowed by the discovery of problems relating to the
9  physical condition of the Owned Real Property.  DaVita explained that it did not
10 seek additional potential Acquirers in the face of these problems because many
11 potential Acquirers had already dropped out of the negotiation process and because
12 DaVita did not believe it would be timely to try to identify new potential Acquirers
13 for the Owned Real Property.  DaVita, therefore, continued negotiating with the
14 remaining parties.  In January 2006, DaVita reached an agreement on the Owned
15 Real Property by reducing the asking price of the Owned Real Property and
16 accepting a loss on the sale.  DaVita also stated that an extension of time for
17 compliance with the 120 Day Provision would result in no interim harm because
18 the FTC and the Attorney General already approved the lease in place at the Owned
19 Real Property and that this lease sufficiently protects the lessee from any action by
20 DaVita as a landlord that would interfere with lessee's ability to operate a clinic at
21 the Owned Real Property.  In addition, no further delay is expected, because the
22 Attorney General has investigated and approved the potential Acquirer for the
23 Owned Real Property.
24     The extension of the 120 Day Provision to May 30, 2006 is appropriate, is for
25 good cause, and will not result in any harm.
26
27
28

| | | |
|---|---|---|
| 1 | Dated: May 23, 2006 | Office of the Attorney General<br>300 South Spring Street, Ste. 1700<br>Los Angeles, CA 90013<br>Telephone: (213) 620-6411<br>Facsimile: (213) 620-6005<br>Email: penny.nagler@doj.ca.gov |
| | | By: /s/ Patricia L. Nagler<br>Patricia L. Nagler<br>Attorneys for Plaintiff<br>STATE OF CALIFORNIA |
| | Dated: May 22, 2006 | Joseph Schohl<br>VP, General Counsel and Secretary<br>DaVita, Inc.<br>601 Hawaii Street<br>El Segundo, CA 90245<br>Telephone: (310) 536-2529<br>Facsimile: (866) 891-4866<br>Email: jschohl@davita.com |
| | | By: /s/ Joseph Schohl<br>Joseph Schohl<br>Attorneys for Defendant<br>DAVITA, INC. |

WDC99 1236730-1.039323.0122

- 4 -

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| STATE OF CALIFORNIA,  | CASE NO. CV05-7190 RSWL |
|---|---|
| Plaintiff, | |
| v. | |
| DAVITA, INC., a Delaware Corporation, | |
| Defendants. | |

## ORDER

Upon consideration of the JOINT APPLICATION TO AMEND FINAL JUDGMENT AND CONSENT DECREE and upon finding good cause exists to extend the time period for complying with Paragraph IV.A.5. of the FINAL JUDGMENT AND CONSENT DECREE that the parties propose to attach to the FINAL JUDGMENT AND CONSENT DECREE:

**IT IS HEREBY ORDERED** that compliance with Paragraph IV.A.5. of the FINAL JUDGMENT AND CONSENT DECREE:

Is extended until May 30, 2006.

Dated: 5/26/06

RONALD S.W. LEW
_____
Judge United States District Court

WDC99 1236730-1.039323.0122

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name: **STATE OF CALIFORNIA v. DAVITA, INC., ET AL.**   Case No.:**CV05-7190 RSWL**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter; my business address is 300 South Spring Street, Los Angeles, CA 90013.

OnMay 23, 2006, I served the attached **JOINT APPLICATION TO AMEND FINAL JUDGMENT AND CONSENT DECREE; PROPOSED ORDER**, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Los Angeles, California, addressed as follows:

Joseph Schohl
VP, General Counsel and Secretary
DaVita, Inc.
601 Hawaii Street
El Segundo, CA 90245
Telephone: (310) 536-2529
Facsimile: (866) 891-4866
E-mail: jschohl@davita.com
**ATTORNEYS FOR DAVITA, INC.**

Courtesy copies mailed as follows:

Joel Grosberg
Gregory Heltzer
McDermott Will and Emory
600 13th Street N.W.
Washington, D.C. 20005
Telphone: (202) 756-8207
Facsimile: (202) 756-8087
E-mail: jgrosberg@mwe.com

Rendell Davis
Federal Trade Commission
Compliance Section
600 Pennsylvania Avenue, N.W.
Washington, DC 20580

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on May 23, 2006, at Los Angeles, California.

_____          _____
Yvette D. Williams                                               Yvette D. Williams
Typed Name                                                         Signature